**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAKHBIR SINGH,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 04-76110

Agency No. A075-308-890

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Lakhbir Singh, a native and citizen of India, petitions for review of the

decision by the Board of Immigration Appeals (BIA) summarily affirming an

immigration judge's (IJ) denial of his application for asylum, withholding of

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

removal, and relief under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252.  We grant the petition for review.

Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final decision of the agency.  *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir. 2004) (citation omitted).  Credibility findings are reviewed under a substantial evidence standard and will be upheld unless the evidence compels a contrary result.  *See He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir. 2003) (citation omitted).

Substantial evidence does not support the IJ's conclusion that Singh failed to demonstrate that he was persecuted.  The IJ listed eight factors in support of his adverse credibility finding:  (1) Singh's demeanor; (2) Singh's lack of knowledge regarding the Akali Dal party; (3) Singh's testimony regarding his father's arrest; (4) Singh's inconsistent testimony regarding medical treatment; (5) Singh's hair; (6) Singh's inconsistent testimony regarding the purpose of the 1995 rally; (7) Singh's inconsistent testimony about when he went to the U.P.; and (8) the authenticity of the warrants and medical records.  Substantial evidence does not support the IJ's finding.

The IJ did not identify any specific non-credible aspects of Singh's demeanor, making only a generalized evaluation.  Thus, the IJ's finding cannot

2

serve as substantial evidence to support his adverse credibility finding. *See Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005).

The IJ's findings, with regard to Singh's testimony about (1) his lack of knowledge regarding the Akali Dal party; (2) his medical treatment, (3) cutting his hair; (4) the purpose of the 1995 rally; and (5) when he traveled to the U.P., were not supported by substantial evidence, because he did not sufficiently explain the significance of the perceived discrepancy. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir. 2000) (holding that this court "will not uphold an adverse credibility finding unless the IJ . . . specifically explains the significance of the discrepancy "). Additionally, the IJ failed to either confront Singh with the perceived inconsistency or address Singh's explanation for the inconsistency. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009) ("The IJ must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum." (internal quotation and citation omitted)).

The IJ's finding regarding Singh's father's arrest is not supported by substantial evidence, because Singh was not asked about the perceived inconsistency. *See  Soto-Olarte*, 555 F.3d at 1092.

The IJ's finding regarding the authenticity of the documents is not supported by substantial evidence, because, again, the IJ failed to provide an adequate explanation for his reasoning. *See Shah*, 220 F.3d at 1067. Although the IJ noted Singh's explanation with regard to the submitted documents, he failed to consider such explanation and address it in his decision. Thus, this basis must also fail. *See Soto-Olarte*, 555 F.3d at 1091 ("[The IJ's] lack of consideration given to [petitioner's] proffered explanation was error and prevent[ed] the underlying inconsistency from serving as substantial evidence . . . .").

Because substantial evidence does not support the IJ's adverse credibility findings, we remand Singh's asylum, withholding of removal, and CAT claims to the BIA.

**PETITION GRANTED AND REMANDED.**